## RESOLUTE INS. CO. et al. v. BEAL.

### No. 3022.

Court of Civil Appeals of Texas.
Eastland.

May 29, 1953.

Rehearing Denied June 19, 1953.

Bryan Bradbury, Abilene, for appellants.

Archer, Bryant & Overshiner, Abilene, for appellee.

LONG, Justice.

On December 31, 1951, Dan Curtis Beal bought an automobile from F. W. Couch. The cash price of the car was $850. The total price of the car, including insurance and interest, was $1,080.75. Beal paid Couch $285 as down payment on the automobile and executed his note and conditional sales contract in favor of the First State Bank for $795.75, said note being due in fifteen monthly installments of $53.-05. Resolute Insurance Company, through its agent, F. W. Couch, on the same day, issued a policy of insurance covering the car, insuring plaintiff against loss by col-

lision or upset in the amount of its actual cash value, less $50 deductible. On February 17, 1952, the automobile was totally destroyed in a wreck due to a blow-out on one of the tires. Beal instituted this suit against Couch and Resolute Insurance Company for an accounting and to recover the proceeds of the insurance policy which he alleged was due him by reason of unearned interest on the note and unearned premiums on the policy of insurance. A trial was had before the court with the aid of a jury. The court submitted the following special issue to the jury:

"From a preponderance of the evidence what sum of money, if any, do you find the defendant owes the plaintiff? Answer none or in dollars and cents. Answer: $125.00"

The court, based upon this finding of the jury, rendered judgment for Beal against Couch and the insurance company in the sum of $125. From this judgment, Couch and the insurance company have appealed.

Appellants contend the court erred in overruling and not sustaining their motion for an instructed verdict. The evidence shows that after the automobile was demolished that appellee talked to appellant Couch and told him that the car had been wrecked and was located a few miles out of the City of Anson in Jones County. Appellant Couch immediately had the car brought to Abilene. Thereafter, Couch presented to Beal, which he executed, proof of loss and a transfer of the title to the salvage of the automobile to the insurance company and also a release and authorization to pay to the First State Bank in Abilene the sum of $742.70 and to Couch the sum of $7.30. Appellee testified that Mr. Couch told him that the only way he could get his money was for him to execute the release and the transfer of the title of the salvage. The record further reveals that at the time of the purchase of the car by appellee, he paid Couch $285 as down payment thereon. He, at that time, borrowed from Couch $35 which he used along with the $250 of his own money to make the down payment. Thereafter, he paid appellant Couch $10 on the $35 which he had borrowed from him.

578

It is undisputed that the value of the car at the time of its purchase was $850 and that at the time of the collision it was worth $800. As we view the record, we believe it is susceptible of the construction that appellee executed the release and transfer of the title of the salvaged automobile conditionally, the condition being that Couch would take charge of the matter and obtain for appellee whatever sum of money he might be entitled to after the payment of the lien in favor of the First State Bank.

After appellee bought the automobile and before he had the wreck, he had paid one of the installment notes in the sum of $53.05. He paid in all on the transaction the sum of $313.05. He was clearly entitled to the return of the unearned interest on the note payable to the First State Bank. From Mr. Couch's testimony, this interest was $120.65 for the period of fifteen months. Appellee was entitled to the return of $120.65, less the earned interest for a period of about one and one-half months. At the time he bought the automobile he purchased a public liability insurance policy which cost $27. This amount was included in his note to the First State Bank. He was entitled to a return of the unearned portion of the premium on this policy. It is true Mr. Couch testified that appellee borrowed $75 from him at the time he bought the automobile and that nothing had been paid thereon. He also testified that it cost $8.50 to repair the brakes on the car which appellee was liable to pay and that he had bought from Couch $4.25 in gasoline which he had not paid and that in addition thereto, appellee had borrowed from him the additional sum of $10 and further, that it cost $32.25 to have the car brought from the place of the wreck to Abilene.

All of these items were denied by appellee. The jury found that appellee was due $125 in an accounting between the parties. We believe the evidence is sufficient to support this finding. There was no objection or exception to the way and manner the case was submitted to the jury. The court did not err in overruling the motion for an instructed verdict.

The judgment of the trial court is affirmed.